UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
PAUL REVERE LIFE INSURANCE  CO.   :
: 3:08 CV 1795 (JBA)
:
v. :
:
MICHAEL C. DIBARI : MAY 3, 2010
:
------------------------------------------------------x

RULING ON DEFENDANT'S MOTION TO COMPEL

On November 25, 2008, plaintiff Paul Revere Life Insurance Company commenced this declaratory judgment action, based upon diversity jurisdiction, against its insured, defendant Michael C. Dibari, regarding a disability income insurance policy and an overhead expense coverage insurance policy, for which plaintiff is paying benefits subject to a full reservation of rights. (Dkt. #1).[1] On January 9, 2009, defendant filed his answer and affirmative defenses (Dkt. #12), followed by three amended answers, affirmative defenses and counterclaims. (Dkts. ##12, 14, 21, 43). In his counterclaim, defendant asserted breach of contract (Count One), breach of implied covenant of good faith and fair dealing (Count Two), and violations of the Connecticut Unfair Trade Practices Act and Connecticut Unfair Insurance Practices Act (Count Three).

On March 9, 2009, plaintiff filed its Motion to Dismiss Counterclaims (Dkt. #25), which one year later was denied by U.S. District Judge Janet Bond Arterton with respect defendant's Count Two, but was granted with respect to the two other counts. (Dkt.

---

[1]This is the redacted version of the complaint. (See also Dkts. ##5, 11).

#67)["March 2010 Ruling"].[2]  Under the latest scheduling order, all discovery was to be completed by May 3, 2010, and all dispositive motions are due by June 3, 2010.  (Dkt. #70).

On September 14, 2009, defendant filed the pending Motion to Compel and brief in support (Dkt. #54),[3] which was held in abeyance pending a ruling on plaintiff's Motion to Dismiss; the motion and brief originally addressed Interrogatories Nos. 1-10, 14-15, and related Requests for Production.  On April 5, 2010, shortly after Judge Arterton's Ruling, plaintiff filed its brief in opposition (Dkt. #72),[4] in which counsel agree that the only discovery requests in dispute are Interrogatories Nos. 4, 9, 10(ii),10(iii) and 10(iv), and the applicable portions of Request for Production Nos. 1-2 (at 2-3 & Exh. 2).   Two days later, defendant filed his reply brief.  (Dkt. #73).   The next day, April 8, 2010, Judge Arterton referred the motion to this Magistrate Judge.  (Dkt. #74).

Interrogatory No. 4 seeks information regarding each verdict, judgment and/or arbitration award against plaintiff and its insuring subsidiaries for bad faith or unfair claim handling practices for the past ten years; Interrogatory No. 9 seeks information regarding each lawsuit commenced by plaintiff and its insuring subsidiaries within the past ten years when plaintiff and its insuring subsidiaries sought to have a physician examine an insured

---

[2]This file was transferred from U.S. District Judge Robert N. Chatigny to Judge Arterton on June 15, 2009.  (Dkt. #37).

[3]The following seven exhibits were attached: affidavit of defense counsel, sworn to September 14, 2009 (Exh. A); copy of defendant's First Set of Interrogatories and Second Set of Requests for Production, dated June 3, 2009 (Exh. B); copy of Objections and Responses to Defendant's First Set of Interrogatories and Requests for Production, dated July 20, 2009 (Exh. C); copies of correspondence between counsel, dated August 5 & 31, 2009 (Exhs. D-E); and copy of case law (Exh. F).

[4]The following four exhibits were attached: e-mail correspondence between counsel, dated March12, 2010 (Exh. 1); copy of correspondence between counsel, dated March 15, 2010 (Exh. 2); copy of case law (Exh. 3); and affidavit of Sherri G. Mitchell, sworn to April 2, 2010 ["Mitchell Aff't"] (Exh. 4).

under a disability policy during litigation, after not having an physician examine the insured prior to the commencement of the litigation;[5] and Interrogatories Nos. 10(ii),10(iii), and 10(iv) seek information regarding all lawsuits, either in a complaint or counterclaim, within the past ten years, in which an insured of plaintiff and its insuring subsidiaries has alleged failure to adopt and implement reasonable standards for prompt investigation of claims arising under an insurance policy, refusal to pay a claim without conducting a reasonable investigation based upon all available information, or no good faith attempt to effectuate a prompt, fair and equitable settlement in a claim where liability is reasonably clear.  (Dkt. #54, at 8, 14-16 & Exhs. B-E).

Sherri G. Mitchell, Senior Information Analyst for the Unum Group, has averred that in order to respond to Interrogatories Nos. 9, 10(ii) and 10(iii), she would need to manually review more than seven hundred records, with each record requiring approximately one hour of review, as the information sought is not retrievable through plaintiff's litigation database. (Mitchell Aff't ¶¶ 1-5).  In response to this representation, in his reply brief, defendant has agreed to reduce the time period to five years, instead of ten.  (Dkt. #73, at 4).

Both counsel rightly refer to Judge Arterton's ruling in United Techs. Corp. v. Am. Home Assurance Co., 118 F. Supp. 2d 181 (D. Conn. 2000), which denied the defendant-insurance company's motion brought under Rule 50(b) and Rule 59(e) with respect to a jury verdict in favor of the plaintiff-insured against defendant for bad faith in connection with defendant's refusal to provide coverage for environmental contamination claims:

> [Defendant] miscomprehends the substance of plaintiff's bad faith claim. [Plaintiff] offered evidence that defendant did nothing itself and required nothing of its attorneys, in that it imposed no schedule or deadlines on its

---

[5]On June 10, 2009, plaintiff filed its Motion for Order of Physical Examination (Dkt. #36), which was denied by Judge Arterton on September 15, 2009. (Dkt. #55; see also Dkts. ## 44, 48).

3

>counsel, required no coverage opinion letter, authorized no retention of experts, instituted no adjustment process, set minimal reserves, and by way of post-trial documents, showed that [defendant] manifested an early intention to deny claims like plaintiff's which remained unchallenged.

Id. at 184.

In this lawsuit, Judge Arterton described defendant's Second Counterclaim as consisting of two elements: (1) "by conducting an incomplete and flawed investigation into his medical condition," and (2) "by applying the protocol of filing a declaratory judgment action while paying benefits under a reservation of rights." (March 2010 Ruling at 8). She specifically held: "The first theory states a viable breach-of-covenant claim, while the second does not." Id. See also id. at 8-11. Regarding defendant's allegation of an incomplete and flawed investigation into his medical condition, Judge Arterton held:

>An insurer's failure to conduct a reasonable investigation can give rise to a breach-of-covenant claim under Connecticut law. . . . Indeed, an insured is entitled to expect that a claim examination will include, as part of a reasonable and adequate investigation, consideration of the relevant opinions of the treating physician where a medical issue is unclear or controverted, or consideration of the opinions of an independent physician from the appropriate speciality before deciding to terminate benefits on the basis of a medical conclusion. . . . Although under the policy Paul Revere had no obligation to medically examine DiBari, it did have an obligation to perform some meaningfully reasonable and adequate investigation, including either a medical examination or the opinion of an _independent_ expert. Here, according to DiBari, Paul Revere disclaimed coverage on the strength of opinions of an in-house medical consultant and another physician that is not alleged to be an independent physician. These allegations of an unreasonable investigation state a claim that Paul Revere breached the implied covenant of good faith and fair dealing, and therefore Paul Revere's DiBari's claim will not be dismissed on this basis.

Id. at 9-10 (internal citations & alterations omitted)(emphasis in original).

With respect to Interrogatory No. 4, plaintiff previously had offered "[a]s a compromise," identification of any verdict, judgment or arbitration award against it in any declaratory judgment action that it had commenced from January 2004 to December 31,

2008 for bad faith liability relating to the appropriate care question. (Dkt. #54, Exh. E, at 3). As just indicated, defendant has agreed to reduce his request to a five year period. (Dkt. #73, at 4). Accordingly, defendant's Motion to Compel (Dkt. #54) is <u>granted to this extent, without prejudice to defendant later seeking additional identification of judicial or administrative actions in which Paul Revere was a defendant, not a plaintiff</u>.

Interrogatory No. 9 may no longer be relevant in light of Judge Arterton's denial of plaintiff's motion for an IME. (Dkts. ##36, 44, 48, 55). However, plaintiff similarly had offered "[a]s a compromise," identification of all declaratory judgment actions that it had commenced from January 2004 to December 31, 2008 in which plaintiff sought judicial guidance on the appropriate care question, and where a request for physical examination was made after litigation commenced by not before. (Dkt. #54, Exh. E, at 3-4). Again, defendant does not object to a five-year limitation. (Dkt. #73, at 4). Accordingly, defendant's Motion to Compel (Dkt. #54) is <u>granted to this extent.</u>

Regarding Interrogatories Nos. 10(ii), 10(iii) and 10(iv), plaintiff also had offered "[a]s a compromise," identification of all declaratory judgment actions that it had commenced from January 2004 to December 31, 2008 in which plaintiff sought judicial guidance on the appropriate care questions, and the insured raised a claim of bad faith. (Dkt. #54, Exh. E, at 4). In light of defendant's agreement to reduce his requests to a five-year period (Dkt. #73, at 4), defendant's Motion to Compel (Dkt. #54) is <u>granted to this extent, without prejudice to defendant later seeking additional identification of judicial or administrative actions in which Paul Revere was a defendant, not a plaintiff</u>.

Plaintiff shall comply **on or before May 19, 2010**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review

of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 3rd day of May, 2010.


/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge